HUGHES BROS. & CO. v. McDILL & GRENSLET.

(No. 2302, Op. Book No. 2, p. 632.)

ERROR from Dallas County. Opinion by WALKER, R. S., P. J.

§ 1266. *Pleading; suit against a partnership; allegations sufficient to charge partners individually.* The petition complained against the firm of "Hughes Bros. & Co.," and proceeded thus: "a commercial firm doing business and residing in the city of Dallas, state of Texas, and composed of Geo. V. Hughes, John V. Hughes and F. E. Hughes." It then set out the cause of action, and concluded with a prayer that said defendants be cited to answer, and that plaintiffs have judgment for their debt, etc. Judgment by default was rendered against the defendants, not as a firm, but against them individually. *Held*, it is hypercritical to attempt to pervert the obvious intent of the pleader to sue the members of the firm so as to limit this action to a suit against the partnership effects merely. The petition well and sufficiently supports the judgment against all the defendants.

§ 1267. *Notarial fee of protest not recoverable, when, etc.* The judgment by default included an item of $3 for notarial fee of protest. The suit was upon a note. *Held*, that the petition showed no cause of action as to this item of fee for protest. Where there is no drawer or indorser to charge, the protest is useless, and notarial fees therefor cannot be recovered. [Daniels on Neg. Inst.

§ 933.] The judgment was reversed and rendered, excluding the item of $3 for notarial fees, and the costs of the appeal were taxed against the appellee.

June 14, 1882.          Reversed and rendered.